**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO. 8:26-cv-01375-SDM-TGW**

SHANISE DOMINO,

                Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC. and TRANS UNION,
LLC,

                Defendants.

                                          /

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union") (collectively the "CRA Defendants"), by and through their undersigned counsel, hereby file their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and state as follows in support thereof:

## PRELIMINARY STATEMENT

In her Complaint, Plaintiff Shanise Domino ("Plaintiff") vaguely alleges the CRA Defendants negligently and willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") because the consumer disclosures they provided her at some unidentified date(s) purportedly omitted "significant amounts of information" contained in her consumer file, including the current balance, date of

first delinquency, full account numbers, complete account information, complete payment history,  for "one or more accounts." ECF No. 1 at ¶¶ 14, 15, 16, 17, 28, 29, 36, 37.

Plaintiff's Complaint is most notable for what it omits. It does not identify the date upon which Plaintiff requested her disclosures. It does not identify the date upon which Plaintiff received her disclosures. It does not identify the accounts for which information was purportedly omitted from her disclosure.

Rather, Plaintiff's claims for negligent and willful violations of 15 U.S.C. § 1681g are entirely grounded upon vague and conclusory allegations in what amounts to nothing more than a lackadaisical attempt to cash in on the throng of § 1681g claims the plaintiffs' bar is currently bringing against credit reporting agencies. This is insufficient as a matter of law and this Court should dismiss the Complaint with prejudice.

## **PLAINTIFF'S ALLEGATIONS**

In her two-count cookie-cutter complaint[1] asserting claims for negligent and

---

[1] Plaintiff's counsel has filed eighteen substantially similar, purposefully vague complaints in the U.S. District Courts for the Middle and Southern Districts of Florida. *See Belvin v. Equifax Info. Servs., LLC*, No. 8:26-cv-01352 (M.D. Fla.); *Bryant v. Experian Info. Solns., Inc. et al.*, No. 8:26-cv-01374 (M.D. Fla.); *Cetoute v. Experian Info. Solns., Inc. et al.*, No. 26-cv-61373 (S.D. Fla.); *Davis v. Experian Info. Solns., Inc. et al.*, No. 8:26-cv-01379 (M.D. Fla.); *Domino v. Experian Info. Solns., Inc. et al.*, No. 8:26-cv-01375 (M.D. Fla.); *Driver v. Experian Info. Solns., Inc.*, No. 8:26-cv-01376 (M.D. Fla.); *Epps v. Equifax Info. Servs., LLC et al.*, No. 8:26-cv-01381 (M.D. Fla.); *James v. Equifax Info. Services, LLC et al.*, No. 8:26-cv-01382 (M.D. Fla.); *Joseph v. Equifax Info. Servs., LLC*, No. 1:26-cv-23218 (S.D. Fla.); *Johnson v. Equifax Info. Servs., LLC et al.*, No. 8:26-cv-01350 (M.D. Fla.); *Jones v. Equifax Info. Servs., LLC et al.*, No. 26-cv-14152 (S.D. Fla.); *Kates v. Experian Info. Solns., Inc. et al.*, No. 8:26-cv-01378 (M.D. Fla.); *Papouloute v. Equifax*

willful violation of 15 U.S.C. § 1681g, Plaintiff alleges that, on some indeterminate date(s), she requested copies of her "consumer credit disclosure" from the CRA Defendants and in response received electronic copies of her "consumer credit disclosure" which purportedly omitted "significant amounts of information" contained within her credit files with the CRA Defendants for "one or more accounts." ECF No. 1 at ¶¶ 12, 13, 14, 15, 16, 17, 28, 29, 36, 37.

Among the information Plaintiff vaguely alleges Experian did not include in her disclosure were:

- "[O]ne or more accounts being reported in which Experian's Disclosure omitted the Date of First Delinquency ('DOFD') for the account(s) at issue," ECF No. 1 at ¶ 17; and

- "[F]ull account numbers, complete account information, complete payment history, and the Date of First Delinquency for other accounts," ECF No. 1 at ¶ 36.

Among the information Plaintiff vaguely alleges Trans Union did not include in her disclosure were:

- The "current balance for one or more accounts," ECF No. 1 at ¶ 29; and

- "[F]ull account numbers, complete account information, complete payment history, and the current balance for additional accounts," ECF No. 1 at ¶ 37.

---

*Info. Servs., LLC*, No. 0:26-cv-61365 (S.D. Fla.); *Taylor v. Equifax Info. Servs., LLC et al.*, No. 8:26-cv-01380 (M.D. Fla.); *Thompson v. Equifax Info. Servs., LLC*, No. 1:26-cv-23219 (S.D. Fla.); *Tunsill v. Equifax Info. Servs., LLC et al.*, No. 3:26-cv-01199 (M.D. Fla.); *Walker v. Equifax Info. Servs., LLC et al.*, No. 8:26-cv-01351 (M.D. Fla.); *Wolfe v. Equifax Info. Servs., LLC et al.*, No. 2:26-cv-14153 (S.D. Fla.).

Despite complaining about the purported informational injury caused by this allegedly missing information, Plaintiff fails to identify the accounts from which this information is missing in the CRA Defendants' disclosures. *See generally* ECF No. 1. Likewise, Plaintiff fails to identify a single account that is being reported inaccurately. Nor does she plead any facts by which the CRA Defendants could identify them. Instead, Plaintiff wholly relies upon generalized, vague, and conclusory allegations to support her claims for violation of the FCRA.

Plaintiff further alleges that, as a result of this allegedly missing information, "[o]n one or more occasions during the relevant period, one or more third parties, including but not limited to prospective creditors, lenders, employers, landlords, and/or other permissible purposes users, obtained and reviewed consumer reports prepared and furnished by one or more Defendants regarding Plaintiff." ECF No. 1 at ¶ 60. Plaintiff contends that she suffered actual damages, "including but not limited to denial of credit, denial of employment, denial of housing, receipt of less favorable credit terms and interest rates, damage to creditworthiness and reputation, and other economic and non-economic harm in an amount to be proven at trial." *Id*.

As with her factual averments supporting her claims for relief, Plaintiff pleads only generalized, vague, and conclusory allegations of harm. She does not identify a single third party that purportedly received an inaccurate consumer report from any of the CRA Defendants. Nor does she identify any *facts* supporting her

generalized allegations of harm. This Court should dismiss Plaintiff's complaint with prejudice.

## <u>LEGAL STANDARD</u>

To withstand a motion to dismiss Plaintiff must allege *facts* supporting the essential elements of each of her claims. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 556 U.S. at 686.

And while this Court should accept all well-pleaded facts in the complaint as true and draw all inferences in the plaintiff's favor, *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011), the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or

legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations, citations, and alterations omitted).

As explained below, Plaintiff's Complaint cannot clear this low hurdle, and this Court should dismiss the Complaint with prejudice.

## ARGUMENT

### I. Plaintiff's Complaint fails to state a claim for violation of 15 U.S.C. § 1681g.

Section 1681g(a) of the FCRA requires consumer reporting agencies ("CRAs") to "clearly and accurately" disclose to the consumer "[a]ll information in the consumer's file at the time of the request," with certain exceptions. *See* 15 U.S.C. § 1681g(a). A consumer's "file" includes "all information on that consumer recorded and retained by a reporting agency regardless of how this information is stored." *Id*.

To state a claim under § 1681g of the FCRA, Plaintiff's Complaint "must specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all the information in the consumer's file." *Scott v. Equifax, Inc.*, No. 2:20-cv-2516, 2021 WL 4099007, at *3 (D. Kan. July 23, 2021) (citing *Scott v. Experian Info. Sols., Inc.*,

6

No. 18-CV-60178, 2018 WL 3360754, at *7 (S.D. Fla. June 29, 2018)).

To determine whether a party has violated § 1681g, courts consider whether "the disclosure is understandable to the average consumer." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018) (internal quotation marks and alterations omitted).

Further, Plaintiff alleges no facts to support her allegation that the CRA Defendants did not provide her with the information she requested. Instead, Plaintiff merely regurgitates language from the statute alleging that the CRA Defendants violated § 1681g by failing to "clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of the request. Specifically, Experian disclosed accounts without providing the Date of First Delinquency [, and] . . . Trans Union disclosed accounts without providing the current balances . . . ." ECF No. 1 at ¶¶ 61-62. Plaintiff, however, does not even attempt to identify the accounts purportedly at issue or the date she received the purportedly offending disclosures. Instead, Plaintiff merely alleges that "Defendants had a legal duty to provide Plaintiff with a clear and accurate disclosure of all information within their respective files at the time of Plaintiff's request, and breached that duty as set forth above." ECF No. 1 at ¶ 67.

But allegations of "missing information" are not sufficient in and of themselves to plausibly plead a § 1681g violation. As a district court recently

concluded in *Dotson v. National Consumer Telecomms. and Utility Exchange, Inc.*, "blank fields . . . do not necessarily indicate that [a consumer reporting agency] withheld information in violation of § 1681g," because the consumer reporting agency "does not originate the underlying data." No. CIV-25-1171, 2026 WL 575337 at *3 (W.D. Okla. Mar. 2, 2026). If a data furnisher does not provide certain information as it pertains to a particular account, the CRA Defendants would not have that information in the consumer's file at the time of the request and, consequently, cannot disclose that information. Put simply, not every available account field will be filled in for every single account a consumer holds, and the mere existence of blank fields in a consumer disclosure does not render the disclosure incomplete or insufficient under § 1681g.

> Plaintiff makes the conclusory allegations that:
>
> "Experian disclosed accounts without providing the Date of First Delinquency, even though the DOFD were reported by the data furnishers to Experian and maintained in Experian's files[]"; and
>
> "Trans Union disclosed accounts without providing the current balances, even though the current balances were reported by the data furnishers to Trans Union and maintained in Trans Union's files."

ECF No. 1 at ¶¶ 61-62. Plaintiff offers no factual basis for her conclusory averment that the CRA Defendants omitted this information or that the information even exists. *See id.*; *see also Dotson*, 2026 WL 575337, at *3 (dismissing a complaint containing § 1681g allegations under similar circumstances). Indeed, Plaintiff fails

to identify the accounts purportedly at issue or the date when she requested the consumer disclosure at issue. *See generally*, ECF No. 1.

Plaintiff even concedes that she does not know if the furnishers provided the "missing information" to the CRA Defendants. *See* ECF No. 1 ¶ 18 ("On information and belief, the data furnishers reported the DOFD to Experian . . . ."); ¶ 39 ("Upon information and belief, the furnishers transmitted the current balance information for these tradelines to Trans Union . . . ."). "While 'information and belief' pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim . . . '[c]onclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.'"  *Scott*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (quoting *Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, No. 6:16-cv-80-Orl-31DAB, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016)).

To the extent Plaintiff alleges that failure to disclose the full account numbers of unidentified tradelines violates the FCRA, the FCRA does not expressly mandate disclosure of full account numbers. While recent court decisions have been divided on the issue, a number of courts have recognized that a truncated account number is not incomplete information and is reasonable as a matter of law. *See Dotson*, 2026 WL 575337, at *3 (granting a CRA's motion to dismiss and agreeing that "holding

9

a credit reporting agency liable for reporting a . . . truncated account number that a creditor furnished would lead to absurd results, especially if the credit reporting agency did not know that the creditor furnished it with such an account number"); *Whitaker v. Trans Union Corp.*, No. CV 03-2551-GTV, 2005 WL 8160827, at *20 (D. Kan. Feb. 3, 2005) (determining "that, as a matter of law, scrambling or truncating a consumer's account number is a reasonable procedure to protect the consumer's information from potential identity theft" and that "[t]he possibility of holding a credit reporting agency liable for reporting a scrambled or truncated account number that a creditor furnished would lead to absurd results"); *Walker v. Equifax Info. Sols.* [sic]*, LLC*, No. 1:21-CV-01045-ELR, 2024 WL 4815355, at *7 (N.D. Ga. Sep. 23, 2024) ("Plaintiff offered no evidence that his credit report actually contained inaccurate or incomplete information . . . because the account numbers on his credit report simply were not listed in full") (cleaned up); *see also Lensendro v. TransUnion, LLC*, No. 25-1888-cv, 2026 WL 1781894 (2d. Cir. June 22, 2026) (SUMMARY ORDER) ("[Plaintiff] contends that his credit report is inaccurate because it partially redacted certain information, including account numbers, and because it did not include credit account balances or past due amounts for each month during which his accounts were open. We agree with the District Court that these alleged errors do not render the report 'patently incorrect' or so misleading as 'to have an adverse effect.'").

10

Plaintiff has not plausibly alleged what, if anything, was not disclosed or was reported in error regarding any specific account. *See generally* ECF No. 1. Instead, Plaintiff offers sweeping, speculative conclusions, without factual support, that information was excluded from her consumer disclosure. Thus, because Plaintiff fails to allege "more than a sheer possibility that a defendant has acted unlawfully," the allegation is merely a conclusory legal statement that this Court is "not bound to accept." *Iqbal*, 556 U.S. at 678. Beyond that, there is no basis for Plaintiff's claim that omitted categories of data like those referenced above make the provided disclosure inaccurate in any way, and it is unreasonable to believe that disclosure is unclear—especially when viewed in its entirety. *See, e.g.*, *Bibbs v. Trans Union LLC*, 43 F.4th 331, 343-44 (3rd. Cir. 2022) (the clarity and accuracy of a tradeline must be determined by reviewing the tradeline as a whole, not just a single data entry); *see also Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020) ("the fact that some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading").

Because Plaintiff has failed to meet the pleading standards of *Iqbal* and *Twombly*, and because there is no basis for Plaintiff's claim that the purportedly omitted information renders Plaintiff's disclosure inaccurate when viewed in its entirety, this Court should dismiss her claim for violation of Section 1681g.

**II.    Plaintiff cannot state a claim for willful violation of the FCRA because she fails to plausibly allege that the CRA Defendants acted with a conscious disregard of her rights pursuant to the FCRA.**

Even if Plaintiff could show that one or more of the CRA Defendants violated the FCRA, which she cannot for the reasons set forth above, Plaintiff's claim for statutory and/or punitive damages still fails because Plaintiff has not plausibly alleged that any of the CRA Defendants' alleged violations were willful. *See* 15 U.S.C. § 1681n. To establish willfulness, Plaintiff carries the burden of showing that the CRA Defendants knowingly and intentionally committed an act in conscious disregard for Plaintiff's rights.[2]  *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57-58 (2007). In addition, only defendants who engaged in willful misrepresentations have committed a willful violation of the FCRA and are subject to liability under § 1681n. *See Stevenson v. TRW, Inc.,* 987 F.2d 288, 294 (5th Cir. 1993); *see also Cushman v. Trans Union Corp.,* 115 F.3d 220, 226 (3d Cir. 1997). There is no such allegation here. Thus, Plaintiff's willful-violation claim should be dismissed. *See, e.g.*, *Saint-Cyr v. Equifax Info. Servs., LLC*, No. 1:24-CV-3127-TRJ-CMS, 2025 WL 432832, at *6 (N.D. Ga. Jan. 8, 2025), *report and recommendation adopted*, 2025 WL 945581 (N.D. Ga. Feb. 13, 2025) ("The allegations are insufficient to state a plausible claim for a willful or reckless violation of the FCRA,

---

[2] According to *Safeco*, conduct is reckless if it is a violation under a *reasonable* reading of the FCRA's terms *and* the conduct presents an unjustifiably high risk of violating the FCRA that is so obvious that the defendant should have known its conduct violated the law. *See Safeco,* 551 U.S. at 69-70.

because they fail to allege facts showing how Equifax acted willfully or recklessly."). Accordingly, Plaintiff has failed to state a claim for willful violations of the FCRA.

## CONCLUSION

WHEREFORE, the CRA Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint and dismiss Plaintiff's Complaint in its entirety and with prejudice, along with such other relief as the Court deems just and proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that they have conferred with opposing counsel and opposing counsel does not agree to the relief sought in this motion. The parties conferred via electronic mail.

Dated: June 26, 2026.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant, TransUnion, LLC*
Truist Place
401 E. Jackson Street, Suite 2400
Tampa, Florida 33602-5236
Telephone: (813) 222-8180
Facsimile: (813) 222-8189

*/s/ Christian C. Kohlsaat*
Christian C. Kohlsaat, Esq.
Florida Bar No. 117795
christian.kohlsaat@bipc.com
Meghan Fleming, Esq.
Florida Bar No. 1075385
meghan.fleming@bipc.com


*/s/ Maria H. Ruiz*
Maria H. Ruiz
Kasowitz LLP
201 S Biscayne Blvd, Suite 2550
Miami, FL 33131
786-587-1044
mruiz@kasowitz.com
*Attorney for Defendant Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

/s/ *Meghan E. Fleming*
Meghan E. Fleming (FBN 1075385)